## TILTON *versus* PALMER.

In petitions for partition, the whole object, legally sought, is a division of the land, between those who have *title*, as tenants in common.

To such processes, persons in possession by disseizin, (unless their occupation has been of sufficient length of time to ripen into a title,) are not parties, and their equitable rights are not changed or affected by the proceedings.

An entry on the docket, by such a disseizor, in such a process for partition, could not impair his equitable rights.

In a writ of entry by the party to whom a portion of land had been set off in severalty, it was *Held*, if the tenant should prove that, for more than six

Tilton *v.* Palmer.

years prior to the filing of such a petition for partition, he and those under whom he claimed, had been occupying and improving the same portion of the land, his right to betterments therein, would not be abridged by the partition.

WRIT OF ENTRY. General issue, with claim of betterments. The demandant was formerly seized of one fourth part of a tract of land, as a tenant in common with others. On the 1st of May, 1847, he filed a petition for partition, and, after the giving of the public notice, ordered by the court, such proceedings were had as that a portion of the land was set off to him in severalty, by commissioners, whose report was accepted in May, 1849. At the October term, 1847, the tenant entered his appearance in that process, but withdrew it at the October term, 1848. The land demanded in this suit is a part of the premises so set off in severalty to the demandant.

The tenant, for the purpose of establishing his right, to have the value of his improvements ascertained by the jury, offered evidence tending to show that he and those under whom he claims, had for more than six years prior to the filing of said petition for partition, been occupying and improving the premises. This evidence was excluded, and the tenant was defaulted, under an agreement that, if the evidence was legally admissible, and would establish a right to betterments, the default should be removed.

*Morrill,* for plaintiff.

*Bronson* and *Woart,* for the defendant.

TENNEY, J. — The statute of 1821, chap. 37, and the Revised Statutes, chap. 121, on the subject of partition of real estate, so far as they are applicable to questions like those now presented, are substantially the same. In the former, the judgment rendered upon the report of the commissioners, who make the partition, after the report is accepted, and after the proceedings are recorded, shall be valid and effectual to all intents and purposes. Sect. 2. In the latter, final judgment, confirming the partition, shall be conclusive as to all rights both of property and possession, of all parties and privies to the judgment. Sect. 31.

The case of *Baylies & als.* v. *Bussey,* 5 Greenl. 153, was a decision under the statute of 1821, in which the possession of the respondent appeared to have continued for a period of more than six years before the filing of the petition.  In the case at bar, it was not admitted by the demandant that the tenant had held the premises for so long a time before the petition, which was relied upon, with the subsequent proceedings, ending in a judgment thereon, as an effectual interruption of the tenant's possession, which had before commenced.  But we apprehend, that, notwithstanding the supposed difference in the facts, the principle of the case referred to, will equally apply to the one before us.  The doctrine there maintained is, that in a petition for partition, the whole object sought is a division of the land between those who have a title thereto, as tenants in common; and that the question touching the equitable rights of a person in possession by disseizin, cannot be presented; and consequently are not to be changed or in any way affected by the proceedings under such a process; that the disseizor, whether he has been in possession for a longer or shorter time, if the period is not sufficient to give a title, has no sort of interest in the question, how the land shall be divided, between those, who have the title.  As a disseizor he assumes to have no rights, which can be considered in the trial, and hence none which he really has, can be taken away by the judgment. The court say, " the final judgment is considered as placing each one in possession of the part so assigned, and as giving him a several seizin; and on such seizin the assignee may maintain his writ of entry; and the judgment establishing the partition completely bars the legal possessory title of the respondent and all those, who might have become respondents."  " The object of the petition for partition was, and always is, to effect a division of the legal estate between, or among those, who own it.  The statute does not profess to interfere with any rights or claims of an equitable character, in making the partition."

The one having an adverse possession of the land divided

for a period of more than six years before the filing of the petition, not being affected by the judgment of partition, cannot be regarded as a party thereto, under the statute. Chap. 121, sect. 31. Consequently an adverse possession for a less period than six years from the same time, cannot make the holder a party to the petition, and the proceedings thereunder before judgment, notwithstanding he may have entered and withdrawn his appearance, because he had no interest in the premises, upon which he could be heard in that cause.

It may be doubted, whether those, who are parties to the process of partition and to the final judgment, are so put into possession by the partition, as to disturb the adverse possession of a stranger to those proceedings. But that question is not involved in the present controversy. It is nothing but the partition actually made, which can purge the disseizin of the one in possession, and abridge his equitable rights. If the possession has been continued for the space of six years, and he has made improvements, those are to be protected in the mode provided in the statute, notwithstanding the partition. In the case before us, it is admitted, that the tenant entered into adverse possession of the premises, and commenced his improvements more than six years before the final judgment upon the petition for partition.

The rulings of the presiding Judge, that the tenant was debarred, by the *petition* for partition and the proceedings thereon, from any claim for betterments, and that he had no claim thereto, unless the improvements and buildings had been made or commenced six years before the date of the petition, were erroneous.

<div style="text-align:center">

*The default is taken off,*
*and the action stands for trial.*